```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


ROBIN DURANT                                    CIVIL ACTION

VERSUS                                          NO: 05-1688

J. LEMOINE ET AL.                               SECTION: J(4)
```

### ORDER AND REASONS

Before the Court are the following cross motions for summary judgment: (1) **Motion for Summary Judgment** filed by Essex Insurance Company ("Essex") **(Rec. Doc. 51)** and **Neal Clulee's Motion for Partial Summary Judgment with respect to Coverage/Duty to Defend Against Essex Insurance Company (Rec. Doc. 64)**. These motions are set for hearing on October 25, 2006. Oral argument was requested; however, the Court has determined that such will not be necessary and is ruling on the motion on the briefs alone. Thus, **IT IS ORDERED** that oral argument on these motions is hereby **CANCELLED**. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Essex's motion for summary judgment should be denied, and Clulee's motion for partial summary judgment should be granted.

### Background

Plaintiff Robin Durant is a businessman and resident of St. Charles Parish where he owns and operates Bayou Fleet, an entity engaged in barge fleeting, barge and vessel repair, and the

1

Case 2:05-cv-01688-CJB-KWR   Document 90   Filed 10/24/06   Page 2 of 11

ownership and operation of sand pits along the Mississippi River in Hahnville, Louisiana.  Defendant Neal Clulee is the president and owner of Homeplace Batture Leasing, Inc. ("Homeplace"), which is a competitor of Durant's business.  Homeplace and Bayou Fleet are located adjacent to one another.  Clulee and Durant do not get along and have been involved in litigation in the past, including a property dispute over the partition of Durant's land by a court.  Durant's estate was enclosed due to the partition, so to access his own property, Durant has to cross Clulee's property.

Durant claims that in April of 2004, another neighboring landowner hired an excavating equipment operator to excavate a ditch to repair a flooding problem.  Durant consented to having this operator excavate a part of his property.  However, in order to access Durant's property, the operator had to cross Clulee's land.  When the operator did so, he was approached by Clulee and told to stop.

Thereafter, Clulee filed a complaint with a St. Charles Parish Justice of the Peace, stating that Durant had trespassed on his property.  A few days later, Deputy Sheriff Lemoine executed a warrant for criminal trespass, and Durant was arrested at his business in front of his son and his employees.  Durant claims Clulee negligently and intentionally made false statements to the authorities that led to his arrest.  Durant claims that

Clulee and Deputy Lemoine conspired to violate his constitutional rights. Durant further claims that the false arrest was motivated by ill will and hatred and done so that Clulee could obtain a private advantage in a civil property dispute through intimidation, harassment, and humiliation.

In connection with these cross motions for summary judgment, Clulee executed an declaration that makes the following factual assertions: On April 10, 2004 when Clulee noticed the excavator on his property (making holes on his property), he approached the operator, Mike Gassen, who told him that his employer, Beverly Construction, had been hired by Durant to dig a trench to drain water on Durant's property. Gassen claimed that he had been told to cross Clulee's property to get to Durant's property. Clulee told Gassen that he did not have his permission to do so. Clulee later spoke to Gassen's employer, A.J. Phillip, Sr. who confirmed what Gassen had told Clulee. Clulee claims in the declaration that, while acting in his capacity as president and owner of Homeplace, he made a complaint of trespass against Durant. He made this complaint to protect Homeplace property from what he believed was an illegal trespass. Clulee claims the excavator created damage to Homeplace property and created holes, track marks, and ruts. Clulee claims that the Justice of Peace summarized his complaint and stated that Durant had trespassed on his property. Clulee states that he thought the summary was

3

correct because he did not make a distinction between Durant personally entering his company's property without permission and Durant sending an excavator to enter Clulee's property with Clulee's permission.  Clulee also states that after making the complaint, he did not know whether an arrest would be made or, if so, how the arrest would be executed.

In terms of the insurance policy at issue in this case, Essex issued a General Liability policy ("CGLP") to Clulee's businesses, including Homeplace.  The policy provided "personal injury" liability coverage to Homeplace and its executive officers for personal injuries "caused by an offense arising out of your business."

## The Parties' Arguments

In its motion, Essex requests that summary judgment be entered in its favor with a finding that no coverage is owed under the insurance policy issued to Clulee.  Essex also requests a finding that it owed no duty to Clulee to defend him in this lawsuit.

Essex claims that Clulee's actions raised in this lawsuit are not covered by the Essex policy as they did not arise out of his employment.  Essex notes that the CGLP provides the following:

    1.    Insuring Agreement

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages

>>because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:
>>
>>>(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and
>>>
>>>(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B . . .
>>
>>b.  This insurance applies to:
>>>(1) *"Personal injury" caused by an offense arising out of your business*, excluding advertising, publishing, broadcasting or telecasting done by or for you; . . . but only if the offense was committed in the "coverage territory" during the policy period.

(CGLP, emphasis added, Schedule 1, attached as exhibit A to Essex Motion for Summary Judgment).  Essex argues that there is no allegation that Clulee's actions were in the scope of his employment or that he was involved in the performance of a duty that is reasonably related to his business.  Essex argues that because Clulee's behavior did not arise out of his business, he is not an insured under the policy.  However, it claims that if

5

this Court determines he is an insured under the policy, then the policy excludes coverage for Clulee's actions.

Essex argues that there is a personal injury exclusion in the policy that excludes coverage for the claims asserted against Clulee. It provides:

> This insurance does not apply to:
>
> a. "Personal injury" or "advertising injury":
>
> (1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;
>
> (2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;
>
> (3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured; . . .

(CGLP, Schedule 1, attached as exhibit A to Essex Motion for Summary Judgment). Essex notes that Durant claims Clulee knew Durant was not the person who had trespassed on his property, so Durant claims Clulee intentionally made false statements to the St. Charles Parish Sheriff's office so that Durant would be arrested and would be intimidated and humiliated as a result. Thus, Essex claims the CGLP does not provide coverage for an insured's intentional bad acts.

Last, Essex claims that the expected or intended injury

exclusion also excludes coverage for the claims asserted against Clulee by Durant.  That exclusion provides:

> This insurance does not apply to:
>
>> a.   Expected or Intended Injury  "Bodily injury". or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

CGLP, Section 1, attached as exhibit A to Essex Motion for Summary Judgment). Essex claims this exclusion excludes coverage because Durant alleges that Clulee knowingly swore out a false affidavit stating that Durant had been trespassing in order to have him arrested.

In opposition and in support of his own motion for partial summary judgment, Clulee requests that this Court enter partial summary judgment in his favor, against Essex, holding that Essex has a duty to defend Clulee against all claims that have been made against him in this action.  Clulee notes that whether Essex will be required to pay or indemnify him with respect to any judgment that might be rendered against him cannot be determined by a motion for summary judgment because whether Essex owes indemnity will depend on whether the jury finds against Clulee and, if so, whether the jury finds that Clulee made negligent and/or intentional misstatements to the authorities in reporting the trespass that led to Durant's arrest.

First, Clulee argues that the alleged offense that forms the

basis of Durant's lawsuit arose out of the business of Homeplace. Clulee claims in arguing that it does not, Essex has failed to "liberally interpret" the allegation in Durant's Complaint. Durant specifically alleged that Clulee made the statements he made to gain a business advantage in the civil property dispute. Also, the trespass occurred on Homeplace property.

Second, Clulee claims he is an insured under the policy. Clulee asserts that he is the President and owner of Homeplace. Clulee points out that Durant claims Clulee was Homeplace's principal.  Further, Clulee's declaration establishes that he was acting within the scope of his duties as Homeplace's president and was trying to protect Homeplace property when he made the complaint to the Justice of the Peace.

Third, Clulee argues that the personal injury exclusion claimed by Essex only bars claims of intentional false statements.  Clulee argues that Durant claims Clulee made both negligent and intentional false statements to the authorities. Clulee argues that because the negligence claims are not excluded, Essex owes a duty to defend him.  For this proposition, Clulee points to a Florida state court case, SM Brickell L.P. v. St. Paul Fire & Marine Ins. Co., 786 So.2d 1204 (Fla. Ct. App. 2001).  In SM Brickell, a court concluded that because negligent defamation claims had been added in the fourth amended complaint, the insurer's exclusion of intentional false statements did not

relieve it of its duty to defend the insured - as negligent defamation claims were not excluded by the policy.

Last, Clulee claims that the "expected or intended injury" exclusion cited by Essex does not apply in this case because Durant is not making a claim for bodily injury.

## Discussion

An insurer's duty to defend is determined by the Petition and the policy and is liberally construed in favor of coverage. <u>Mossy Motors, Inc. v. Cameras America</u>, 2004-0726, p. 6-7 (La.App. 4 Cir. 3/2/05); 898 So.2d 602, 606-07. The insurer is obligated to provide a defense unless the Petition unambiguously excludes coverage. <u>Id.</u> The issue of whether or not an insurer has a duty to defend is determined by application of the "eight corners rule," where the insurer must look to the "four corners" of the policy and the "four corners" of the Petition. <u>Id.</u> Where both the Petition and the policy set forth grounds which raise even the possibility of liability under the policy, there is a duty to defend. <u>Id.</u>

Based on an analysis of the complaints and the policy, this Court concludes that Essex owes a duty to Clulee to defend in this action. The alleged offenses that form the basis of Durant's lawsuit can be interpreted to have arisen out of Clulee's actions as principal for Homeplace. Durant specifically alleges that Clulee made the statements he made to gain an

advantage in the civil property dispute.  Also, the trespass occurred on Homeplace property.

Further, this Court concludes that Clulee is an insured under the policy.  Durant claims Clulee is Homeplace's principal. As president and an officer of Homeplace, his actions to protect Homeplace property are covered by the CGLP.

Last, ths Court determines that the exclusions claimed by Essex do not bar coverage.  The personal injury exclusion does not bar coverage because Durant has made allegations of both intentional and negligent wrongdoing.  Negligent wrongdoing is not excluded by the policy. Further, the "expected or intended injury" exclusion does not apply in this case because Durant is not making a claim for bodily injury - to which that exclusion applies.  Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment** filed by Essex Insurance Company ("Essex") **(Rec. Doc. 51)** should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that **Neal Clulee's Motion for Partial Summary Judgment with respect to Coverage/Duty to Defend Against Essex Insurance Company (Rec. Doc. 64)** should be and is hereby **GRANTED.**

New Orleans, Louisiana this the 23rd day of October, 2006.

10

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

11