```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ROBIN DURANT                                      CIVIL ACTION

VERSUS                                            NO: 05-1688

J. LEMOINE ET AL.                                 SECTION: J(4)
```

### ORDER AND REASONS

Before the Court are the following motions: (1) **Defendant Clulee's Motion for Summary Judgment (Rec. Doc. 60);** (2) the **Motion for Summary Judgment** filed by Defendants, Sheriff Greg Champagne and Deputy Joseph Lemoine **(Rec. Doc. 71);** and **(3)** the **Motion in Limine** filed by Defendants Champagne and Lemoine **(Rec. Doc. 73).** These motions are set for hearing on November 8, 2006. Oral argument was requested; however, the Court determined that such was not necessary and is, thus, ruling on the motions on the briefs alone.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Clulee's motion for summary judgment should be granted in part and denied in part; the motion for summary judgment filed by Champagne and Lemoine should be granted; and the motion in limine filed by Champagne and Lemoine should be denied as moot.

1

## BACKGROUND

Plaintiff Robin Durant ("Durant") is a businessman and resident of St. Charles Parish where he owns and operates Bayou Fleet, an entity engaged in barge fleeting, barge and vessel repair, and the ownership and operation of sand pits along the Mississippi River in Hahnville, Louisiana.  Defendant Neal Clulee ("Clulee") is the president and owner of Homeplace Batture Leasing, Inc. ("Homeplace"), which is a competitor of Durant's business.  Homeplace and Bayou Fleet are located adjacent to one another.  Clulee and Durant do not get along and have been involved in litigation in the past, including a property dispute over the partition of Durant's land by a court.  Durant's estate was enclosed due to the partition, so to access his own property, Durant must cross Clulee's property.

In April of 2004, Mike Gassen, an excavator operator was crossing Clulee's land to get to Durant's property when he was approached by Clulee and told to stop.  Clulee claims that Gassen told him that Gassen's employer, Beverly Construction, had been hired by Durant to dig a trench to drain water on Durant's property.  Gassen claimed that he had been told to cross Clulee's property to get to Durant's property.  Clulee told Gassen that he did not have his permission to do so.  Clulee later spoke to Gassen's employer, A.J. Phillip, Sr., who confirmed what Gassen had told Clulee.  Clulee then made a complaint of trespass

against Durant with a Justice of the Peace.  Clulee claims that the Justice of Peace summarized his complaint and stated that Durant had trespassed on his property.  Clulee states that he thought the summary was correct because he did not make a distinction between Durant personally entering his company's property without permission and Durant sending an excavator to enter Clulee's property without his permission.  Clulee also states that after making the complaint, he did not know, as a layperson, whether an arrest would be made or, if so, how the arrest would be executed.  Deputy Lemoine executed the warrant for criminal trespass; Durant was arrested at his business in front of his son and his employees.

   Durant claims Clulee negligently and intentionally made false statements to the authorities that led to his arrest.  He also claims that Deputy Lemoine and Sheriff Champagne are liable for what he claims was an unlawful arrest that was executed without probable cause.  He specifically asserts the following claims against Clulee: (1) malicious prosecution; (2) defamation; and (3) torts of false or wrongful arrest pursuant to Article 2315 of the Louisiana Civil Code; (4) negligence; and (5) conspiracy.  Durant claims that Clulee and Deputy Lemoine conspired to violate his constitutional rights.

**DISCUSSION**

<u>Clulee's Motion for Summary Judgment:</u>

Durant makes the following claims against Clulee:

(1) <u>Malicious Prosecution</u>:

A plaintiff must prove the following to succeed on a malicious prosecution claims 1) the commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against the plaintiff who was the defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such proceeding; 5) the presence of malice therein; and 6) damage conforming to legal standards resulting to Plaintiff. <u>Aucoin v. Aetna Cas. & Sur. Co.</u>, 520 So.2d 795, 798 (La. App. 3 Cir. 1987).  Clulee claims that Plaintiff's problem lies with proving the fourth element - the absence of probable cause.  Clulee notes that the crucial determination is whether he had an honest and reasonable belief in the allegations made against him by Durant.  Clulee asserts that there is evidence in the record to show his honest and reasonable belief that Plaintiff committed a trespass.  To show this, Clulee relies on the statements made to him by Gassen and Phillip, who told him that Durant had instructed the excavator to cross Clulee's land to get to his own.  Clulee acknowledges that he knew Durant had not been on his property; however, he claims

4

that Durant should be held accountable for the trespass because he directed Gassen to trespass and actually caused the trespass to occur. Thus, Clulee argues that his belief that Durant committed the crime of trespass was reasonable.

In opposition, Durant claims that Clulee did not have a reasonable belief that Durant was guilty for criminal trespass. Durant points out that La. R.S. 14:63 provides that it is an affirmative defense to criminal trespass if the accused had "express, legal, or implied authority" to be on the property. Durant also notes that this same statute provides that an individual may enter or remain on the property of another if he is "exercising the mere right of passage to an enclosed estate, as otherwise provided by law." La. R.S. 14:63 E(7). Durant claims both situations existed here when Clulee swore out the false arrest warrant. Specifically, Durant explains that the parties are and have been involved in litigation over land wherein the Court awarded Durant an enclosed estate that requires him to cross Clulee's land to get to his own. In fact, Durant references a letter from Clulee's attorney from 2002 (two years before the incident at issue in this case) wherein the attorney conceded that Clulee had never denied Durant access to Clulee's property so Durant could get to his enclosed estate. (See Exhibit D to Durant's opposition).

(2) Defamation:

For a plaintiff to succeed on a defamation claim, he must prove the following: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault on the part of the publisher; and 4) resulting injury.  <u>Costello v. Hardy</u>, 864 So.2d 129, 139 (La. 2004). Clulee claims that his statements are protected by a privilege because he made them when instituting criminal trespass charges against Durant.  Essentially, Clulee argues that because he reasonably thought Durant could be criminally liable for trespass, Durant cannot prove the malice/fault element necessary for defamation.

In opposition, Durant claims that Clulee knew Durant had not been on his property operating the excavator, so Clulee's affidavit was false.  Because Clulee had no probable cause, his motion for summary judgment should be denied.

(3) <u>False Arrest/Wrongful Arrest</u>:

False or wrongful arrest occurs when "one arrests and restrains another against his will and without statutory authority."  <u>Kennedy v. Sheriff of East Baton Rouge</u>, 935 So.2d 669,680 (La. 2006).  Clulee claims that Durant cannot indirectly hold him liable for wrongful arrest on the basis of statements made to authorities that led to his arrest and detention.  Clulee also claims that Plaintiff has no evidence to rebut the testimony that Clulee had nothing to do with the execution of the warrant,

6

did not confer with the sheriff's office directly about an arrest, and did not even know (as a layperson) that an arrest would be made.  Thus, Clulee claims summary judgment should be granted.

In opposition, Durant claims that Clulee knew Durant would be arrested because the affidavit he signed states, "Wherefore, the deponent charges the said Robin Durant with trespass - R.S. 14:63.1 and prays that the Accused be arrested and dealt with according to the law."

(4) <u>Negligence/Fault Claims under Article 2315</u>:

Clulee argues that these claims are "yet another repackaging of the same allegations."  Clulee claims these generalized allegations of fault and negligence fail for the same reasons Plaintiff's malicious prosecution and defamation claims fail: Plaintiff cannot prevail because Clulee reasonably believed that Plaintiff should be criminally accountable for trespass based on the assertions of Gassen and Philip.

In opposition, Durant claims that Clulee knew Durant had not been on his property operating the excavator, so Clulee's affidavit was false. Durant argues that because Clulee had no probable cause, his motion for summary judgment should be denied.

(5) <u>Conspiracy</u>:

Clulee argues that Durant's conspiracy claim is unsupported by evidence and is based on speculation only.  Durant does not

specifically address Clulee's argument regarding his conspiracy claim.

This Court concludes that Clulee's motion should be denied in part and granted in part.  There are genuine issues of material fact regarding Durant's claims of malicious prosecution, defamation, and false arrest - relating to whether Clulee had probable cause to charge Durant with trespass.  Clulee does not dispute that Durant's estate was enclosed.  He also does not dispute that he had allowed Durant to cross his property many times to get to his enclosed estate. There are genuine issues of material fact, or inferences to be drawn therefrom, as to whether Clulee acted reasonably in accusing Durant of trespass.  The only claims against Clulee that may properly be disposed of on summary judgment are Durant's claims of conspiracy, which this Court finds are based on nothing more than mere speculation.

<u>Motion for Summary Judgment filed by Defendants Sheriff Champagne and Deputy Lemoine:</u>

Plaintiff claims that Defendants Lemoine and Champagne executed a bogus warrant.  Defendants, both in their individual and official capacities, claim that they have absolute immunity from this suit for damages because the cause of action arises from their compliance with a facially valid judicial order issued by a court.  Louisiana law requires that an arrest warrant: 1) be in writing and be in the name of the State of Louisiana; 2) state the date when issued and the municipality or parish where issued;

3) state the name of the person to be arrested, or, if his name is unknown, designate the person by any name or description by which he can be identified with reasonable certainty; 4) state the offense charged against the person to be arrested; 5) command that the person against whom the complaint was made be arrested and booked; and 6) be signed by the magistrate with the title of his office. La. C. Cr. P. 203.  Defendant argues that the arrest warrant fulfilled all the above requirements.

   Defendants anticipate that Plaintiff will argue that the statute cited by the Justice of the Peace in the arrest warrant, La. R.S. 14:63.1, does not reference simple trespass - but, instead, is a related criminal trespass statute that has been repealed.  Defendants note that the proper criminal trespass statute, La. R.S. 14:63, remains in full effect.  Defendants also acknowledge that La. C. Cr. P. art. 211.1 provides for the issuance of a summons instead of an arrest.  Defendants claim this oversight was the fault of the Justice of the Peace that issued the arrest warrant.  Moreover, Defendants point out that "facially valid" does not necessarily mean "lawful."  Defendants claim they are entitled to immunity for executing a facially valid arrest warrant and, thus, the claims against them under federal law should be dismissed.

   For the same reasons, Defendants argue that they cannot be liable for false imprisonment or false arrest under state law

9

 
because they were executing a facially valid arrest warrant. Louisiana law requires a sheriff to execute an arrest warrant after receipt from a justice of the peace without prior screening by the district attorney or anyone else. Schexnayder v. Wilson, 427 So.2d 457 (La. App. 5 Cir. 1983).

Defendants also state that they should not be liable for intentional infliction of emotional distress. To prove this, a plaintiff must show that: 1) Defendants' conduct was extreme and outrageous; 2) the emotional stress suffered by Plaintiff was severe; and 3) Defendant desired to inflict severe emotional distress or knew that such would result. Almerico v. Dale, 927 So.2d 586, 592 (La. App. 2 Cir. 2006). Defendants assert Plaintiff's claim fails on all three elements. First, Defendants' conduct was not extreme and outrageous. He arrested Plaintiff in a peaceful manner. Second, Plaintiff claims the arrest was "emotionally stressful" and "people" made jokes about him. Defendant claims this is not severe. Third, Deputy Lemoine did not know Plaintiff before his arrest; therefore, he could not have intended to inflict emotional distress upon him.

As for Plaintiff's conspiracy allegations against Defendants, Deputy Lemoine did not even meet Clulee until well after Durant's arrest. Further, Sheriff Champagne did not know that a warrant for Durant's arrest existed before he was arrested. Defendants claim that these facts alone show that no conspiracy existed.

In opposition, Durant claims that La. C. Cr. P. 211.1 prohibits such an arrest from being made, absent certain circumstances. That article states:

> When a peace officer has reasonable grounds to believe a person has committed criminal trespass as defined by Section 63 of Title 14 of the Louisiana Revised Statutes of 1950, he shall give a written summons instead of making an arrest if:
> (1) He has reasonable grounds to believe that the person will appear upon summons, and
> (2) He has no reasonable grounds to believe that the person will cause injury to himself or another or damage to property unless immediately arrested. In any case in which a summons has been issued, a warrant of arrest may later be issued in its place.

La. C. Cr. P. 211.1. Durant points out that there have been no allegations that he would not appear if issued a summons and no allegations that he would harm himself or another if not immediately arrested. Durant further claims that the warrant was not facially valid because it cited a repealed statute that dealt with the illegal posting of signs.

In reply and in further support of their motion for summary judgment, Defendants Lemoine and Champagne assert that the decision to arrest Durant for criminal trespass was made - not by them - but by the Justice of the Peace, Aleshia Smith. Once the Justice of the Peace ordered Durant's arrest, the officers were obligated to make the arrest. Defendants claim that the fact that the arrest warrant stated a repealed statute does not affect the validity of the warrant. It is only required that a statute be cited on the warrant - in this case, a statute was cited,

11

albeit a repealed one. . . . The arrest warrant was facially valid and Defendants are entitled to immunity.  Last, Defendants note that Plaintiff did not address their argument that no claim for conspiracy exists. Therefore, summary judgment should be granted on those grounds.

This Court concludes that summary judgment should be granted in favor of Defendants Lemoine and Champagne and the federal and state claims against them should be dismissed.  The arrest warrant was facially valid - even though a repealed statute was cited.  The law clearly does not require police officers to conduct legal research or consult an attorney to do so before they arrest individuals on what are facially valid warrants. Defendants are entitled to immunity and all claims against them should be dismissed.

<u>Motion in Limine by Defendants Lemoine and Champagne:</u>

This motion is moot based on the Court's decision to grant summary judgment on behalf of Defendants Lemoine and Champagne. Accordingly,

**IT IS ORDERED** that **Defendant Clulee's Motion for Summary Judgment (Rec. Doc. 60)** should be and is hereby **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED that** the **Motion for Summary Judgment** filed by Defendants, Sheriff Greg Champagne and Deputy Joseph Lemoine **(Rec. Doc. 71)** should be and is hereby **GRANTED.**

12

**IT IS FURTHER ORDERED that** the **Motion in Limine** filed by Defendants Champagne and Lemoine **(Rec. Doc. 73)** should be and is hereby **DENIED AS MOOT**.

New Orleans, Louisiana this the 7th day of November, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE